# UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE

The State of New Hampshire, v.- JOSEPH L EVERETT  Defendant.

**Case No. 458-2024-CR-00623**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1455**

To the Clerk of the Above-Entitled Court:

Please take notice that defendant JOSEPH L EVERETT hereby removes to this Court the state court action described below:

1. **State Court Action**: On 08/10/24, an action was commenced in The State of New Hampshire in and for the County of Hillsborough, entitled The State of New Hampshire v. JOSEPH L EVERETT, as case number 458-2024-CR-00623. A copy of the complaint is attached hereto as Exhibit "A" and incorporated herein by reference.

2. **Grounds for Removal**: This action is removable to this Court pursuant to 28 U.S.C. § 1455 because Petitioner's rights were violated while traveling in his personal capacity, and Officials swore to uphold the constitution in their oath of office. Giving Petitioner the right to redress his grievances for a federal question and constitutional violations. Which gives this court jurisdiction for Civil rights and federal questions.

3. **Timeliness**: This notice of removal is filed within 30 days after the arraignment in state court or before the trial, whichever is earlier, as required by 28 U.S.C. § 1455(b)(1).

4. **Copies of Process, Pleadings, and Orders**: Copies of all process, pleadings, and orders served upon the defendant in the state court action are attached hereto as Exhibit "B" and incorporated herein by reference.

Note: This remission is being submitted to this court; however I want to make sure this court ensures that this is submitted to whatever court has the proper authority to be able to adjudicate this issue in accordance with the Constitution of the United States of America.

Dated: 4/2/25

_____ All rights reserved
Joseph Everett
1 Hardy Rd. Apt. #312
Bedford, New Hampshire 03110



# AFFIDAVIT OF THE FACTS

State of New Hampshire )
                                    ) : ss
County Hillsborough        )

## NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
## NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

**"In deed, no more than (affidavit) is necessary to make the prima facie case."** United States v. Kis, 658 F.2nd, and 526 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.L.W. March 22, 1982.

Affiant being of sound mind and over the age of twenty-one being first duly sworn under the penalty or perjury. Certify on unlimited commercial liability that, the contents are of affiant's own firsthand knowledge. Affiant does solemnly swear, depose say and declare; that affiant has personal knowledge and belief of the facts stated herein. That affiant is competent to state the matter set forth herein; that affiant has personal knowledge and belief of the facts stated herein; and all facts stated herein are true, correct, and complete, nor misleading, the truth, the whole truth, and nothing but the truth.

1) Affiant states that Affiant all statements, exhibits, laws, and facts are true and correct.

2) Affiant states that I Joseph Everett (here and after Affiant) on creating this affidavit as a witness to the unlawful arrest that resulted in a direct violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America, and the State of New Hampshire Constitution Bill-of-Rights. Articles 1, 2(b), 5, 7, 12(a), 14, 15, and 19

3) Affiant states that on August 10th, 2024 while traveling on New Hampshire Route 101 East. He was stopped by the Amherst Police Department Patrolman Marc Frederick agent for the \*\*State of\*\*. Patrolman Marc Frederick believed the displayed vanity plates attached to the Trust property were fake due to the lack of any State decal attached. The officer was informed of the status of the Affiant under Common Law and the property in question belonged to a Private Trust. Affiant also informed the officer of his administrative performance of the owner's withdrawal from the program of the State of

New Hampshire (refer to 28 CFR 29.10) at the time, there was no contract with the State, and the Affiant was not receiving compensation to perform commercially. The Patrolman Marc Frederick asked for identification, at which time he was given a US Passport Card. The Affiant did not have a New Hampshire Driver's License or Registration within possession to give to the officer. (NH Constitution Bill-of-Rights) [Art.] 2-b. [Right of Privacy.]

4) Affiant states that a public warning was administered to the Patrolman instructing him to read the public notice posted on the private property and to complete the Public Notice of Inquiry. Patrolman Marc Frederick elected to ignore the Public Notice. Patrolman Marc Frederick called for backup. He was joined by Patrolman Hans Chapman of the Amherst Police Department. He handed the inquiry to Patrolman Hans Chapman, who also ignored the Notice. The two Patrolman's conspired to create an arrest. In doing so the Affiant was ordered to step out of the safety of the private property of the Trust.

5) Affiant states that upon exiting the conveyance, he issued a Public Notice of Constitutional Rights being reserved, and the consent to any searches or seizures was denied. US Constitution Amendment 4, NH Constitution Bill-of-Rights [Art.] 19. [Searches and Seizures Regulated.]

6) Affiant states that Affiant's 4th Amendment Right was invoked and violated in spite of the announcement of Affiant's Constitutional Right to revoke consent of any search or seizure. Patrolman Marc Frederick and Patrolman Hans Chapman did in their official and personal capacity commit this Constitutional Violation. US SUPREME COURT DECISION- "…every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowman without his consent." [Cruden v. Neale, 2 N.C. 338 (1796) 2 S.E.] NH Constitution Bill-of-Rights [Art.] 19. [Searches and Seizures Regulated.]

7) Affiant states that both Patrolmen Marc Frederick and Hans Chapman failed to uphold their duty to the Constitution of the United States of America and the New Hampshire Constitution Bill-of-Rights by ignoring the pleading of Constitutional Rights. Rendering the arrest unconstitutional absent of any documents presented that is consistent with Clause 1 of Amendment 5 of the Constitution of the United States of America creating lack of due process [14th Amendment] [Art.] 2. [Natural Rights.], [Art.] 14. [Legal Remedies to be Free, Complete, and Prompt.] of the New Hampshire Constitution Bill-of-Rights.

8) Affiant states that both Patrolmen did proceed with the arrest absent of rights being advised. Affiant was being kidnapped (Title 18 U.S.C. §1201) and placed in the back of a cruiser where he again informed the Patrolman of their violations of Constitutional Rights. The response from Patrolman Marc Frederick was, "You can think that I'm not going to debate this with you, you get bailed, then go tell the judge and do it that way."

9) Affiant states that after the repeated Notice of Constitution Violations. Patrolman Marc Frederick rejoined Patrolman Hans Chapman for a side-of-the-road conversation. At this time, after viewing the body cam footage, it shows Patrolman Marc Frederick reporting a misquote to Patrolman Hans Chapman of the pleadings from Affiant of Constitutional Rights being violated. Then, Patrolman Marc Frederick asked Patrolman Hans Chapman to mute the audio.

10) Affiant states that not only was the audio muted, but the actual footage of all cams was edited, which constitutes tampering of evidence through this act.

11) Affiant states that he was brought to the New Hampshire Amherst Police Department, and further Constitution Violations of the 5th, and 14th Amendments were committed.

12) Affiant states that he was processed and met with a commissioner of bail and was given a bail order of a class B misdemeanor for an unofficial inspection/registration decal. On the face of the order was the court location, address, date, and time of the hearing.

13) Affiant states that Affiant was never properly served with a summons to appear in court. Only coerced to appear through threats of arrest, creating duress and emotional stress.

14) Affiant states that affiant rights to the Constitution of the United States of America and New Hampshire Constitution Bill-of-Rights were deprived by agents acting under the color of law. (Title 18 241-242 criminal conspiracy)

15) Affiant states that he could not understand the nature and cause of the matter. There was no living man/woman (victim) present and when asked Judge Todd H Prevett "Why am I here?" Affiant could not get an answer.

16) Affiant states that the pleading entered was not by affiant's admission but by the seated Judge Todd H Prevett of the NH Circuit Court 9th-District Division-Milford. This act is a violation of the 6th Amendment right to personal autonomy in criminal proceedings, including the right to make decisions regarding how to plead. No consent was given to the proceedings nor was there an injured party who was sworn under penalties of perjury. US. SUPREME COURT DECISION- "Under our system of government upon the individuality and intelligence of the citizen, the state does not claim to control him/her, except as his/her conduct to others. (Injured Party) leaving him/her the sole judge as to all that affects himself/herself." [Mugler v. Kansas 123 U.S. 623, 659-60.] NH Constitution Bill-of-Rights [Art.] 15. [Right of Accused.]



### An Affidavit unrebutted stands as Truth.

Affidavit uncontested unrebutted unanswered *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 1982]*"Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." *[Group v Finletter, 108 F. Supp. 327 Federal case of Group v Finletter, 108 F. Supp. 327]*"Indeed, no more than affidavits is necessary to make the prima facie case." *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.SL. W. 2169; S. Ct. March 22, 1982]*AFFIDAVIT. A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. *Cox v. Stern, 170 Ill. 442, 48 N.E. 906, 62 Am.St.Rep. 385; Hays v. Loomis, 84 Ill.* 18. A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. *Shelton v. Berry, 19 Tex. 154, 70 Am.Dec. 326, and In re Breidt, 84 N.J.Eq. 222, 94 A. 214, 216. affidavit uncontested unrebutted unanswered - [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S.Ct. March 22, 1982 1982]* "Indeed, no more than affidavits is necessary to make the prima facie case." *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]* affidavit uncontested unrebutted unanswered *Morris v National Cash Register, 44 S.W. 2d 433 Morris v National Cash Register, 44 S.W. 2d 433,* clearly states at point #4 that "uncontested allegations in affidavit must be accepted as true." affidavit uncontested unrebutted unanswered *Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433:* "An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law." Non-Rebutted Affidavits are "Prima Facie Evidence in the Case,-- *"United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);"* Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case."

- Cert Denied, *50 U.S. L.W. 2169; S.Ct. March 22, 1982.* "Uncontested Affidavit taken as true in support of Summary Judgment." -- *Seitzer v. Seitzer, 80 Cal. Rptr. 688* "Uncontested Affidavit taken as true in Opposition of Summary Judgment." – *Melorich Builders The SUPERIOR COURT v. of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984)* "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior... This sort of deception will not be tolerated and if this is routine it should be corrected immediately." -- *U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.*

**WHEREFORE UPON** Affiant was not served the summons by anyone and the Affidavit can't be rebutted. Giving Affiant the right to oppose actions in the court.

_____*Joseph Everett*_____ Autograph

### ACKNOWLEDGEMENT

State of New Hampshire )
                       ) Scilicet
County Hillsborough.   )

### JURAT

SUBSCRIBED TO AND SWORN before me this _2nd_ day of _April_ A.D. _____ 2025. A Notary, That _Joseph Everett_____, personally appeared and known to me to be The named subscribed to the within instrument and acknowledge to be the same.

_____ Seal;

Notary Public in and for said State My commission expires; _06/29/2027_

